Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MARK GERMACK DDS, individually and on behalf of all others similarly situated,<br><br>                                  Plaintiff,<br><br>   v.<br><br>THE DENTISTS INSURANCE COMPANY,<br><br>                                  Defendant. | No. 2:20-cv-00661-JCC<br><br>PLAINTIFF'S NOTICE OF SUUPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR STAY OF PROCEEDINGS PENDING RULING ON CONSOLIDATION AND TRANSFER BY JPML<br><br>Noted on Motion Calendar:<br>June 26, 2020 |

In further support of its Motion for Stay of Proceedings Pending Ruling on Consolidation and Transfer by JPML, and in the interest of judicial comity, Plaintiff respectfully submits the attached "Order Granting Plaintiff's Motion for Stay of Proceedings" which Judge Lasnik issued today in a procedurally identical matter. Judge Lasnik's Order is attached as Exhibit A.

DATED this 1st day of July, 2020.

PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY- 1
(No. 2:20-cv-00661-JCC)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

KELLER ROHRBACK L.L.P.

By: *s/ Ian S. Birk*
By: *s/ Lynn L. Sarko*
By: *s/ Gretchen Freeman Cappio*
By: *s/ Irene M. Hecht*
By: *s/ Maureen Falecki*
By: *s/ Amy Williams-Derry*
By: *s/ Nathan Nanfelt*
    Ian S. Birk, WSBA #31431
    Lynn L. Sarko, WSBA #16569
    Gretchen Freeman Cappio, WSBA #29576
    Irene M. Hecht, WSBA #1106
    Maureen Falecki, WSBA #18569
    Amy Williams-Derry, WSBA #28711
    Nathan L. Nanfelt, WSBA #45273
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Telephone: (206) 623-1900
    Fax: (206) 623-3384
    Email: ibirk@kellerrohrback.com
    Email: lsarko@kellerrohrback.com
    Email: gcappio@kellerrohrback.com
    Email: ihecht@kellerrohrback.com
    Email: mfalecki@kellerrohrback.com
    Email: awilliams-derry@kellerrrohrback.com
    Email: nnanfelt@kellerrrohrback.com

By: s/ Alison Chase
    Alison Chase, *pro hac vice forthcoming*
    801 Garden Street, Suite 301
    Santa Barbara, CA 93101
    Email: achase@kellerrohrback.com
    Telephone: (805) 456-1496
    Fax: (805) 456-1497
    Email: achase@kellerrohrback.com

***Attorneys for Plaintiff and the Proposed Class***

PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY- 2
(No. 2:20-cv-00661-JCC)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# CERTIFICATE OF SERVICE

I certify that on 1st day of July, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following:

Thomas Lether (WSBA #18089)
Eric J. Neal (WSBA #31863)
Lether Law Group
1848 Westlake Avenue North, Suite 100
Seattle, WA 98109
Email: tlether@letherlaw.com
Email: eneal@letherlaw.com

*s/ Brian Spangler*
Brian Spangler, Legal Assistant
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
bspangler@kellerrohrback.com

CERTIFICATE OF SERVICE - 1
(2:20-cv-00661-JCC)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NUE LLC dba NUE SEATTLE,<br><br>  Plaintiff,<br><br>  v.<br><br>OREGON MUTUAL INSURANCE COMPANY,<br><br>  Defendant. | Case No. C20-676RSL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS |

    This matter comes before the Court on plaintiff's "Motion for Stay of Proceedings Pending Ruling on Consolidation and Transfer by JPML." Dkt. #12. Having reviewed the memoranda submitted by the parties and the remainder of the record, the Court finds as follows:

    Plaintiff initiated this action on May 5, 2020, alleging breach of contract and seeking declaratory judgment related to defendant's coverage of business interruption losses due to COVID-19. See generally Dkt. #1. In the meantime, a group of plaintiffs nationwide have initiated pleadings pursuant to 28 U.S.C. § 1407 before the Judicial Panel on Multidistrict Litigation ("MDL Panel" or "JPML") seeking to consolidate actions filed against insurers for COVID-19 related losses. See In re COVID-19 Bus. Interruption Prot. Ins. Litig., MDL No. 2492. Plaintiff asserts, and defendant does not dispute, that the MDL Panel will consider whether to consolidate and transfer the related actions at a hearing on July 30, 2020, with a decision to follow shortly after. Plaintiff moves to stay these proceedings pending the MDL Panel's decision. Meanwhile, defendant has filed a motion to dismiss (Dkt. #7), which is fully briefed and pending before this Court.

ORDER GRANTING PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS - 1

Whether to stay proceedings while the JPML considers a motion to transfer is within the sole discretion of the transferor judge. In re Air Crash Disaster at Paris, France, on Mar. 3, 1974, 376 F. Supp. 887, 888 (J.P.M.L. 1974). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citation omitted); see also Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) (emphasizing that courts must weigh the competing interests which will be affected by a stay, including the possible damage which may result from granting the stay, any hardship or inequity that may arise if the matter moves forward, and judicial economy and efficiency).

Defendant argues that it will be prejudiced by a stay. Specifically, defendant alleges that plaintiff seeks to delay the Court's resolution of the pending motion to dismiss, and that the stay will escalate claimed damages against it. While defendant has articulated that the proposed stay could prejudice it, the Court finds any potential prejudice would be minimal given the short duration of the requested stay. Further, as plaintiff notes, moving forward absent this brief stay may result in wasteful litigation and discovery efforts by both parties.

Judicial economy is the "most important factor" in considering whether to stay proceedings pending an MDL motion. See Stuart v. DaimlerChrysler Corp., No. 1:08-CV-0632 OWW GSA, 2008 WL 11388470, at *3 (E.D. Cal. Dec. 23, 2008). While defendant asserts plaintiff has failed to show that a stay will conserve judicial resources, the crux of defendant's argument is that there is little risk of conflicting rulings or inefficient use of resources because the issues in this case are factually distinct from those in the related actions before the MDL Panel. Defendant implies that MDL consolidation is unlikely. But "[a]t this stage, the Court does not weigh the likelihood that the JPML will grant the transfer motion; rather, the Court considers whether judicial resources would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Short v. Hyundai Motor Am. Inc., C19-0318JLR, 2019 WL 3067251, at *2 (W.D. Wash. July 12, 2019) (citation and internal quotation marks omitted). The

ORDER GRANTING PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS - 2

parties have engaged in the early stages of this litigation, and defendant has filed a motion to dismiss which remains pending and will require the Court's attention absent a stay. The Court's consideration of this motion will be duplicative if the cases are in fact consolidated. See generally Rivers, 980 F. Supp. at 1360-61. The Court finds that principles of judicial economy weigh in favor of granting a stay.

On balance, the Court finds that a stay pending the resolution of the MDL motion in In re COVID-19 Business Interruption Protection Insurance Litigation, MDL No. 2492, is warranted. Plaintiff's Motion for Stay of Proceedings Pending Ruling on Consolidation and Transfer by JPML (Dkt. #12) is accordingly GRANTED.

IT IS HEREBY ORDERED that this matter is stayed in its entirety pending resolution of the MDL motion.

IT IS FURTHER ORDERED that the parties shall file a joint status report notifying the Court of the resolution of the MDL motion within ten (10) days of the JPML's decision.

DATED this 1st day of July, 2020.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS - 3