THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK GERMACK DDS, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br>    v.<br><br>THE DENTISTS INSURANCE COMPANY,<br><br>                Defendant. | CASE NO. C20-0661-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for stay of proceedings (Dkt. No. 12). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I.    **BACKGROUND**

Plaintiff owns and operates a dentistry practice in Seattle, Washington. (Dkt. No. 12 at 1.) Due to the COVID-19 pandemic and government-ordered mandates, Plaintiff was one of many dentistry practices forced to shut down. (*Id.*) Plaintiff turned to Defendant, his insurer, for recovery of business interruption losses and was denied coverage. (*Id.*) On April 30, 2020, Plaintiff filed a class action complaint seeking a declaratory judgment and damages for breach of contract against Defendant. (Dkt. No. 1.)

A similarly situated group of plaintiffs nationwide have filed pleadings pursuant to 28

U.S.C. § 1407 in the Judicial Panel on Multidistrict Litigation ("JPML"), seeking to consolidate and coordinate litigation in over 30 districts nationwide against insurers. (*See* Dkt. No. 12 at 2.) On May 1, 2020, Plaintiff filed a notice of related action relating this action to the JPML matter, and Plaintiff and Defendant filed notices of appearance with the JPML action on May 5 and 18, respectively. (*Id.*)

There are over 140 similar cases nationwide, with more than 20 in the Western District of Washington. (*Id.*) Plaintiff has filed a brief in support of transfer and consolidation before the JPML, and the JPML is expected to consider Plaintiff's brief at a hearing on July 30, 2020. (*Id.*) Plaintiff now requests that the Court stay the proceedings in this matter pending a ruling by the JPML regarding consolidation and transfer pursuant to 28 U.S.C. § 1407. (*See generally id.*) Plaintiff requests that the stay include all discovery and motion practice until seven days after the JPML makes a decision regarding transfer and consolidation.

## II.   DISCUSSION

### A.   Legal Standard

Courts have discretion as to whether they shall grant a stay of proceedings before them. *Lockyear v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). The length of a requested stay of proceedings must be balanced against the strength of justification for it. *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).[1] In these circumstances, the court weighs the competing interests affected by granting or denying a motion to stay. *See Lockyear*, 398 F.3d at 1110. The competing interests are (1) the damage that might result from granting a stay; (2) the hardship a party may suffer in being required to move forward; and (3) whether a stay would promote the orderly course of justice by the simplification or complication of the

---

[1] The Ninth Circuit stated, a court may "with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1066 (9th Cir. 2007); *see Yong v. Immigration & Naturalization Serv.*, 208 F.3d 1116, 1119 (9th Cir. 2005); *Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir. 1976).

issues.. *Id.* This rule does not require the issue in the separate proceedings necessarily be controlling of the actions before the court. *See Leyva v. Certified Grocers of California Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). Furthermore, a court has the ability to control the nature of the cases on its docket in the interests of the economic concerns of time and effort for counsel and litigants. *See Amadeck v. Capital One Fin. Corp.*, Case No. C12-0244-RSL, Dkt. No. 45 at 2 (W.D. Wash. 2012). This includes the ability to exercise discretion to stay proceedings pending a JPML decision. *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997).

### B. Prejudice to Parties

The Court finds that the factors set forth above favor granting a stay of proceedings. A stay will only cause a delay of a matter of weeks because the JPML is due to make a ruling regarding transfer and consolidation by mid-August. (*See* Dkt. No. 12 at 4.) Defendant has not shown it will suffer any hardship if the stay is granted. Should the JPML decline to transfer and consolidate the case, Defendant's motion to strike will be immediately ready for the Court's consideration upon the expiration of the stay. (*See* Dkt. No. 11.)

Furthermore, denying Plaintiff's motion will likely cause hardship to Plaintiff. Absent a stay, Plaintiff will not have the opportunity for the JPML to decide whether this case ought to be transferred and consolidated. Plaintiff's counsel represents about 20 other claimants in similar COVID-19 related cases in the Western District of Washington, several of which have already been granted stays pending the JMPL's decision. (*See* Dkt. No. 12 at 5.)

### C. Interests of Judicial Economy

A stay will promote the interests of judicial economy. The JPML is expected to make a ruling by mid-August, and the duration of the stay would be approximately six weeks. It would be wasteful for the parties to engage in discovery or further motions practice pending the JPML's decision, as transfer and consolidation of this the action would mean those efforts would need to be repeated in a coordinated manner with other actions in a separate forum. The July 30 JPML hearing is only 30 days after the noting date of Defendant's motion to strike. In the interests of

ORDER
C20-0661-JCC
PAGE - 3

1 conserving judicial resources pending the JPML decision, it is prudent to grant the Plaintiff's
2 motion.

3 **III.   CONCLUSION**

4     For the foregoing reasons, Plaintiff's motion for a stay of proceedings (Dkt. No. 12) is
5 GRANTED and this case is hereby STAYED until further order of the Court. The parties are
6 ORDERED to file a joint status report apprising the Court of the JPML's decision and the
7 necessity for continuing the stay no later than seven days from the date the JMPL's decision is
8 issued.

9     DATED this 7th day of July 2020.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE